Trenk Isabel Siddiqi & Shahdanian, P.C.
William F. Rupp, Esq. – Attorney ID #002891975
21 Main Street, Suite 251
Court Plaza South-West Wing
Hackensack, N.J. 07601
Telephone No.: (973) 327-0243
Facsimile No.: (973) 533-1111
Email: wrupp@TISSlaw.com
Attorneys for Plaintiff
Maywood Senior Citizens Housing Corporation

|  |  |
|---|---|
| MAYWOOD SENIOR CITIZENS HOUSING CORPORATION<br><br>                    Plaintiff,<br><br>v.<br><br>THE HARTFORD INSURANCE CO.<br><br>                    Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.: 25-cv-01165-LMG-LDW |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

Plaintiff Maywood Senior Citizens Housing Corporation ("Plaintiff") submits the following in opposition to Defendant The Hartford Insurance Co.'s ("Defendant") Motion to Dismiss.

Plaintiff and Defendant entered into a contract by which Defendant would provide Plaintiff with an insurance policy covering losses from employee theft. While this policy was active, Plaintiff discovered its now former manager had been improperly giving herself, family members, and other employees excessive salary payments and bonuses, as well as excess pension contributions. Plaintiff investigated this matter for nearly two years, and throughout its investigation, Plaintiff provided Defendant with reams of documents related to the investigation and answered all of Defendant's inquiries on the matter. However, when Plaintiff requested to collect off its insurance policy for its manager's theft, Defendant denied coverage on grounds that Plaintiff failed "to cooperate with [Defendant's] attempt to investigate the Claim." In response to this denial Plaintiff has filed the instant Complaint.

Defendant now seeks to dismiss numerous counts of Plaintiff's Complaint. Plaintiff concedes Count Four of its Complaint may be properly dismissed. However, Counts One, Two, and Three are properly pled to state a plausible claim of relief. Count One of Plaintiff's Complaint pleads the necessary elements of a bad faith claim against an insurer, as Plaintiff alleges Defendant did not have a "fairly debatable" reason for denying coverage on the grounds it did, while also alleging Defendant possessed the necessary scienter of a bad faith claim. Additionally, Count Two of Plaintiff's Complaint is not duplicative with Count One, as Plaintiff's Complaint establishes each cause of action is based on separate transgressions of

Defendant. Finally, Count Three should not be dismissed, as Plaintiff has pleaded its claim of fraud with the necessary particularity the Federal Rules of Civil Procedure require.

  Accordingly, Plaintiff seeks denial of Defendant's Motion to Dismiss as to Counts One, Two, and Three.

## STATEMENT OF FACTS

Plaintiff is a not-for-profit corporation in the state of New Jersey that owns and operates a senior citizens housing facility. Complaint, ECF No. 1-1 at ¶ 1. Defendant is an insurance company licensed to sell and provide insurance in the state of New Jersey. Id. at ¶ 2.

On March 3, 2015, Defendant sold Plaintiff an insurance policy which purported to cover "Employee Theft." Id. at ¶ 3-5. On or about November 17, 2021, Plaintiff began an internal investigation of its salary payments, pension contributions, and bonuses for all employees from 2016-2021, after an auditor discovered certain discrepancies with the pay of Plaintiff's then manager. Id. at ¶ 6-9. This investigation revealed that Plaintiff's then manager was authorizing excess payments for herself, family members, and other employees, resulting in a loss of $561,416.64 to Plaintiff. Id. at ¶ 7. Plaintiff provided relevant details from this investigation to Defendant throughout the years of 2022 through 2024, including Plaintiff's proof of loss. Id. at ¶ 12-19. On September 14, 2024, Plaintiff submitted a request for Defendant to approve or deny its claim with regards to the manager's theft, to which Defendant denied the claim on grounds that Plaintiff allegedly failed "to cooperate with [Defendant's] attempt to investigate the claim." Id. at ¶ 19-20.

In response, Plaintiff filed the instant Complaint, alleging four causes of action against Defendant: (1) Bad Faith; (2) Breach of Contract; (3) Fraud; and (4) Specific Performance.

## LEGAL ARGUMENT

### POINT ONE

### COUNT ONE OF PLAINTIFF'S COMPLAINT PLEADS
### SUFFICIENT FACTS TO SUPPORT A CLAIM OF BAD FAITH

Every insurer in the state of New Jersey has a fiduciary obligation to settle claims.

Lieberman v. Empl'rs Ins. of Wausau, 84 N.J. 325, 336 (1980). Whether an insurer has acted in

bad faith and thus breached its fiduciary obligation in connection with the settlement of claims

"must depend upon the circumstances of the particular case." Am. Home Assurance Co. v.

Hermann's Warehouse Corp., 117 N.J. 1, 7 (1989) (internal quotations omitted).

To properly plead a claim of bad faith in denial of coverage against an insurance

company, a plaintiff must allege: "(1) the insurer lacked a 'fairly debatable' reason for its failure

to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis

for denying the claim." Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed. Appx. 594, 599

(3d Cir. 2004).

Count One of Plaintiff's Complaint pleads the necessary elements of a bad faith claim.

Plaintiff conducted its own preliminary investigation into the financial discrepancies, which was

completed on February 1, 2022. Complaint, ECF No. 1-1 at ¶ 7. Plaintiff provided Defendant

with multiple documents and facts regarding its internal investigation of its then manager's theft,

beginning on April 6, 2022 and continued to provide additional information through September

12, 2024. Id. at ¶ 12-19. Additionally, Plaintiff provided answers to all of Defendant's inquiries

throughout the investigation. Id. at ¶ 22. Defendant then denied Plaintiff coverage under their

policy on the basis that Plaintiff failed to cooperate with Defendant's attempt to investigate the

claim. Id. at 20. However, Defendant failed to investigate the claim at all, and therefore, its

alleged basis for denial was "a sham excuse." Id. at ¶ 23-24.

Clearly, Plaintiff's Complaint alleges the facts necessary to plead a bad faith insurance claim. Plaintiff's Complaint contains multiple factual allegations that Plaintiff was more than cooperative with Defendant from the moment the preliminary investigation ended, through the following year-and-a-half afterwards. Thus, there is no "fairly debatable" reason for Defendant to deny Plaintiff coverage on grounds that Plaintiff failed to cooperate.

Finally, Plaintiff properly alleges Defendant knew that they lacked a reasonable basis to deny the claim. Plaintiff alleges Defendant failed to investigate the claim at all, and thus, knowingly or recklessly disregarded their lack of a reasonable basis to deny the claim.

Accordingly, Count One of Plaintiff's Complaint alleging "bad faith" against Defendant insurance company states a plausible claim for relief, and should not be dismissed.

**POINT TWO**

**PLAINTIFF'S CAUSES OF ACTION ALLEGED IN
COUNT ONE AND COUNT TWO ARE NOT DUPLICATIVE**

A claim of bad faith against an insurance company has been described by the courts of New Jersey as a "**tortious** breach of contract… a convenient shorthand method of denominating the intentional conduct of a contracting party when it acts in bad faith to avoid its contract obligations." Pickett's v. Lloyd's, 131 N.J. 457, 469 (1993) (quoting Anderson v. Continental Ins. Co., 271 N.W.2d 368, 364, 374 (1978)) (emphasis added). "An insurance company's breach of the fiduciary obligation imposed by virtue of its policy, by its wrongful failure to settle, 'sounds in both tort and contract.'" Id. (quoting Rova Farms Resort, Inc. v. Investors Insurance Co., 65 N.J. 474, 504 (1974)).

Plaintiff's claims of "bad faith" and "breach of contract" are not duplicative inherently duplicative. A claim of bad faith against an insurance company is, in part, a tort claim. Pickett's, 131 N.J. at 468. Conversely, a breach of contract claim is, clearly, a claim evolving purely out of

6

contract law. <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 482 (2016). A plaintiff may plead both claims, separately, so long as both causes of action do not rely on identical facts. <u>Adler Engineers, Inc. v. Dranoff Properties, Inc.</u>, Civil No. 14–921 (RBK/AMD) 2014 WL 5475189 (holding that plaintiff properly plead non-duplicative breach of contract and breach of the implied covenant of good faith and fair dealing claims, as the latter contained factual allegations asserting the defendant's motive for entering into the agreement was "in bad faith.").

Furthermore, the <u>Snowden v. Standard Ins. Co.</u>, Civil No. 23-2493 (RBK/EAP) 2024 WL 1154471 (D.N.J. 2024) case Defendant cites does not stand for the principle that a plaintiff cannot bring a bad faith claim and a breach of contract claim. Rather, the quoted portion in Defendant's brief held that a plaintiff cannot bring both a breach of the implied good faith and fair dealing claim and a bad faith clam, "as a claim for breach of the implied covenant of good faith and fair dealing is 'tantamount' to a claim for bad faith." <u>Id.</u> at *4.

Here, Plaintiff's Complaint clearly alleges two separate causes of action under bad faith and breach of contract. Count One of Plaintiff's Complaint alleges Defendant "refused to investigate the claim in good faith," and provided a "sham excuse" for its denial of coverage for Plaintiff. Complaint, ECF No. 1-1 at ¶ 21-26. Plaintiff's breach of contract claim, on the other hand, separately alleges Defendant breached the terms of the contract, separate from its bad faith conduct. <u>Id.</u> at ¶ 27-29. Therefore, Plaintiff has alleged two separate and distinct claims from which it is entitled to recovery.

Accordingly, Cout One and Count Two of Plaintiff's Complaint allege separate plausible causes of action, and should not be dismissed as "duplicative."

**POINT THREE**

**COUNT THREE OF PLAINTIFF'S COMPLAINT PLEADS
FRAUD WITH THE REQUIRED PARTICULARITY**

The level of particularity required by Rule 9(b) is "sufficient details to put Defendants on notice of the precise misconduct with which they are charged." Smajlaj v. Campbell Soup Co., 782 F.Supp.2d 84, 104 (D.N.J. 2011) (internal quotations omitted). To satisfy this standard, the plaintiff must allege the date, time and place the alleged fraud occurred, or otherwise "inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Courts of the Third Circuit have found that the particularity requirement is not meant to be strictly construed as to specific facts that must be alleged:

> [I]n applying Rule 9(b), focusing exclusively on its 'particularity' language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules… Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of 'date, place or time' fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

Prudential Ins. Co. of America v. Bank of America, Nat. Ass'n, 14 F.Supp.3d 591, 606-04 (D.N.J. 2014) (quoting Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir.1984) (internal quotations and citations omitted)). Here, Plaintiff has pleaded fraud with the necessary particularity "to place the defendant on notice of the precise misconduct with which [it is] charged." Frederico 507 F.3d at 200. Plaintiff has alleged that Defendant's fraud occurred when they offered a "policy insurance for theft and employee dishonesty represented that in the event [Plaintiff] suffered such a loss, [Defendant] would in good faith investigate and

pay the claim." Complaint, ECF No. 1-1 at ¶ 31. Additionally, Defendant made these representations despite the fact that Defendant never intended to comply with them. Id. at ¶ 32-34.

Therefore, Count Three of Plaintiff's Complaint clearly alleges sufficient facts to place Defendant on notice for the precise misconduct alleged. Plaintiff has pled which policy of Defendant's was fraudulent and how the policy was fraudulent. Furthermore, as Defendant's motion and brief indicate, Defendant at this time is fully aware of the policy it provided to Plaintiff for "Employee Theft." Defendant is clearly "on notice" for what the alleged fraud entails. Thus, Plaintiff's Complaint contains all the allegations necessary to allow Defendant to properly defend against Plaintiff's claim of fraud.

Accordingly, Count Three of Plaintiff's Complaint pleads fraud with the required particularity of Rule 9(b), and should not be dismissed.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint as to Counts One, Two, and Three.

**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**
21 Main Street, Suite 251
Hackensack, NJ 07601
(973) 533-1000
*Attorneys for Plaintiff Maywood*
*Senior Citizens Housing Corporation*

*/s/ William F. Rupp, Esq.*
William F. Rupp, Esq.